NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

_____

**WOODWAY USA, INC.,**
*Plaintiff-Appellant*

**v.**

**LIFECORE FITNESS, INC., DBA ASSAULT FITNESS,**
*Defendant-Appellee*

_____

2025-1431

_____

Appeal from the United States District Court for the Southern District of California in No. 3:22-cv-00492-JO-BLM, Judge Jinsook Ohta.

_____

Decided:  July 21, 2026

_____

KADIE M. JELENCHICK, Foley & Lardner LLP, Milwaukee, WI, argued for plaintiff-appellant.  Also represented by DANIEL FLAHERTY, Chicago, IL.

JOHN M. HALAN, Brooks Kushman PC, Royal Oak, MI, argued for defendant-appellee.  Also represented by JOHN S. LEROY, ANDREW B. TURNER.

_____

Before LOURIE, HUGHES, and STOLL, *Circuit Judges*.

HUGHES, *Circuit Judge*.

Appellant Woodway USA, Inc. appeals the final judgment of the United States District Court for the Southern District of California granting summary judgment of non-infringement in favor of Appellee LifeCORE Fitness, Inc. Because the district court's grant of judgment relied on an overly restrictive claim construction, we vacate and remand for further proceedings.

## I

## A

Woodway USA, Inc. (Woodway) is the owner of U.S. Patent Nos. 9,039,580; 10,561,884; and 10,799,745 (collectively, the Asserted Patents), which share substantially overlapping specifications and a common parent application. These patents are generally directed to manual treadmills with a curved or contoured running surface, an exemplary embodiment of which is shown below:



FIG. 1

'580 Patent fig. 1.

While the treadmills disclosed in the Asserted Patents are generally designed for the running belt to rotate rearward, the Asserted Patents also recognize that "the running belt is capable of rotating forward," which can pose safety hazards. *See, e.g.*, *id.* 26:65–27:1. For instance, when a user mounts the treadmill by placing their weight-bearing foot toward the rear portion of the curved running surface, the running belt can move forward, causing the user to lose their footing. To address this issue, the Asserted Patents disclose several safety devices that can be used with the treadmill "to help prevent undesirable forward rotation of the running belt." *Id.* 27:7–9. For example, one embodiment features a one-way bearing assembly structured such that, when the running belt is rotated rearward, the assembly allows the running belt to freely rotate. *See id.* 27:41–47. When the belt is rotated forward, however, the assembly "provides a counter force, preventing . . . the forward rotation of the running belt." *See id.* 27:48–58. The Asserted Patents also list "cam locking systems . . . taper locks, a user operated pin system, or a band brake system with a lever" as means to "prevent undesirable forward rotation of the running belt." *Id.* 29:23–28.

In line with these disclosures, and as relevant to this appeal, the Asserted Patents all require substantial prevention of running belt movement in a second, dispreferred direction while allowing free movement of the belt in a preferred first direction. For example, claim 25 of the '580 patent recites:

25. A method, comprising:

    providing a manually powered treadmill, the manually powered treadmill having a frame with a front end and rear end;

    providing a first bearing rail and a second bearing rail, the first and second bearing rails each comprising a plurality of bearings and extending longitudinally on the frame,

wherein the first and second bearing rails define a curved top profile;

disposing a running belt on the plurality of bearings of the first bearing rail and the second bearing rail such that the running belt follows a top curved running surface corresponding to the curved top profile of the first and second bearing rails;

permitting movement of the running belt in a first direction; and

*substantially preventing* movement of the running belt in a second direction opposite the first direction.

*Id.* 36:1–18 (emphasis added).

## B

In April 2022, Woodway filed suit against LifeCORE Fitness, doing business as Assault Fitness (LifeCORE), alleging that certain manual treadmills offered by LifeCORE infringed the Asserted Patents. The parties then engaged in claim construction, with a *Markman* hearing taking place in April 2023. During claim construction, Woodway argued that, regarding the "substantially prevent[ ]" limitation, "substantially" should be given its plain and ordinary meaning of "entirely/largely/mostly/generally though not necessarily entirely," and "prevent[ ]" need not be construed. J.A. 671. LifeCORE, meanwhile, argued that "substantially prevent[ ]" ought to be construed as "prevent any movement after allowing no or minimal movement." J.A. 671.

In November 2023, the district court issued its claim construction order, ultimately siding with neither party. Instead, the district court construed the limitation to mean "restricts rotation to allow for only one rotational direction of movement." *Woodway USA, Inc. v. LifeCore Fitness Inc.*,

No. 22-cv-00492, 2023 WL 7713595, at *8 (S.D. Cal. Nov. 14, 2023) (*Claim Construction Order*). The district court rejected Woodway's proposed construction because it found that Woodway had clearly and unmistakably surrendered an invention allowing bidirectional movement of the treadmill belt during prosecution of the '884 patent when it distinguished two prior art references, Bostic[1] and Savettiere.[2] However, the district court also rejected LifeCORE's proposed construction because Woodway had made no statements during prosecution "about the degree of possible movement in the second rotational direction (the possibility of an initial swing back of the treadmill) before the safety device function locks in to allow for movement in one direction." *Id.* at *8. Finally, the district court found its construction supported by the Asserted Patents' specifications, which generally discuss enabling rotation in only one preferred direction.

After engaging in expert discovery, the parties cross-moved for summary judgment. At a January 2025 hearing, the district court announced its intent to grant summary judgment of noninfringement for LifeCORE because it construed "substantially prevent[ ]" to require that the claimed running belt moves only in one direction, and the running belts of the accused products rotate bidirectionally. *See* J.A. 5474–75. Later that month, the district court granted LifeCORE's motion for summary judgment in an oral opinion. The court concluded that judgment was warranted because "defendants have introduced evidence showing that the accused products' running belts can rotate fully in two directions under normal conditions." J.A. 43.

---

[1] U.S. Patent No. 5,492,517.

[2] U.S. Patent Application Publication No. 2005/0009668.

The district court then entered final judgment for LifeCORE. Woodway appeals. We have jurisdiction under 28 U.S.C. § 1295(a)(1).

## II

"We review a district court's grant of summary judgment according to the law of the regional circuit, here the Ninth Circuit, where summary judgment is reviewed de novo." *Synopsys, Inc. v. Mentor Graphics Corp.*, 839 F.3d 1138, 1146 (Fed. Cir. 2016) (citation omitted). In the Ninth Circuit, summary judgment is appropriate "when, drawing all reasonable inferences in favor of the non-moving party, there are no genuine issues of material fact." *Contour IP Holding LLC v. GoPro, Inc.*, 113 F.4th 1373, 1378 (Fed. Cir. 2024). "We apply Federal Circuit law to substantive questions of patent law, including claim construction." *NexStep, Inc. v. Comcast Cable Commc'ns, LLC*, 119 F.4th 1355, 1364 (Fed. Cir. 2024).

"We review claim constructions based solely on the intrinsic record, as here, de novo." *Rembrandt Wireless Techs., LP v. Samsung Elecs. Co.*, 853 F.3d 1370, 1375 (Fed. Cir. 2017). Generally, claim terms are "given their plain and ordinary meanings to one of skill in the art when read in the context of the specification and prosecution history." *Golden Bridge Tech., Inc. v. Apple Inc.*, 758 F.3d 1362, 1365 (Fed. Cir. 2014). One exception to this general rule is the doctrine of prosecution history disclaimer, which serves to limit the scope of claim terms "when the patentee disavows the full scope of the claim term . . . during prosecution." *Id.* (citation omitted). For disclaimer to attach, disavowals must be "both clear and unmistakable." *Omega Eng'g, Inc. v. Raytek Corp.*, 334 F.3d 1314, 1326 (Fed. Cir. 2003). As a result, "where the alleged disavowal is ambiguous, or even amenable to multiple reasonable interpretations, we have declined to find prosecution disclaimer." *Maquet Cardiovascular LLC v. Abiomed Inc.*, 131 F.4th 1330, 1339 (Fed. Cir. 2025) (cleaned up).

### III

Woodway argues that: (1) the district court's construction of "substantially prevent[ ]" as requiring complete prevention of rotation in the dispreferred direction, and (2) the district court's subsequent grant of summary judgment were erroneous. We address each argument in turn.

### A

We begin with Woodway's claim construction arguments. Woodway argues that the district court erred in construing the "substantially prevent[ ]" limitation by deviating from its plain and ordinary meaning and finding prosecution disclaimer of treadmill belt movement in a second direction. We agree with both points.

### i

Starting with the claim language, we conclude that the district court overlooked intrinsic evidence when it rejected Woodway's suggested plain and ordinary meaning of "substantially prevent[ ]." The district court concluded that the Asserted Patents "do not elaborate on the degree to which the safety device impedes rotation of the belt in the second direction." *Claim Construction Order*, 2023 WL 7713595, at *5. This, however, is untrue: the claim language broadly specifies that rotation in the second, dispreferred direction is "substantially" prevented. As Woodway points out, "[t]he word 'substantially' is commonly used in patent claims and readily understood as a term of approximation meaning, for example, 'largely but not wholly.'" Appellant Br. 29 (collecting cases). We find this understanding consistent with Woodway's originally proposed plain and ordinary meaning of "substantially prevent[ ]"—that is, "entirely/largely/mostly/generally though not necessarily entirely" prevent. J.A. 671. Were "substantially prevent[ ]" to be interpreted otherwise, as it was by the district court, to encompass only complete prevention of undesired rotation, the word "substantially" would be rendered meaningless, a result that

our case law disfavors. *See Lashify, Inc. v. Int'l Trade Comm'n*, 130 F.4th 948, 964 (Fed. Cir. 2025) ("[A] claim construction that gives meaning to all the terms of the claim is preferred over one that does not do so." (citation omitted)).

Further, nothing in the specifications of the Asserted Patents alters our understanding of this plain meaning of "substantially prevent[ ]." While LifeCORE is correct that (1) the specifications of the Asserted Patents discuss safety devices, such as a one-way bearing assembly, that permit rotation in only one direction, and (2) the specifications generally disparage forward rotation of the safety belt, we are not convinced that these facts alone limit the claim term's plain and ordinary meaning. For one, several embodiments discussed in the specification mention no safety device. *See, e.g.*, '580 Patent 2:63–3:34. And when such safety devices are mentioned, nothing indicates that the prevention of dispreferred rotation must be total: instead, language like "help prevent undesirable forward rotation" appears alongside language like "permit rotation . . . in only one direction" and "prevent[ ] . . . forward rotation." *Id.* 27:8, 12–14, 50–52. Such phrases either explicitly indicate that the prevention is not expected to be complete or do not specify the extent to which rotation is prevented in the dispreferred direction. In any event, no phrasing in the Asserted Patents' specifications is inconsistent with the plain and ordinary meaning of "substantially prevent[ ]" suggested by Woodway. Under these circumstances, we decline to find "words or expressions of manifest exclusion or restriction" in the Asserted Patents' specifications that limit the plain and ordinary meaning of the "substantially prevent[ ]" limitation. *See Liebel-Flarsheim Co. v. Medrad, Inc.*, 358 F.3d 898, 906 (Fed. Cir. 2004).

ii

The district court nonetheless rejected Woodway's proposed construction of the "substantially prevent[ ]" limitation because it found that Woodway clearly and unmistakably disclaimed any bidirectional rotation at least twice during the prosecution of the '884 patent. This, too, was error.

a

The district court first found that, in seeking to overcome an obviousness rejection based on Bostic, Woodway made claim amendments and presented arguments to the examiner disclaiming bidirectional rotation of the treadmill belt. Bostic also discloses a manual treadmill, but in Bostic, the front portion of the treadmill consists of a flywheel that is connected to the front shaft and in contact with a drag or resistance strap that controls the intensity of the user's workout. Inside Bostic's flywheel is a one-way clutch that allows free movement in one direction but precludes rotation of the flywheel in the opposite direction. The examiner's rejection thus noted that Bostic taught "a safety device" that, as Woodway's original claim language required, was "structured to restrict movement of *at least one* of the running belt, the front shaft, and the rear shaft." *See* J.A. 726 (emphasis added).

Contrary to the district court's conclusions and LifeCORE's arguments on appeal, we do not believe that either subsequent amendment or arguments based on this rejection effected a clear and unmistakable disclaimer of claim scope. First, turning to the alleged amendment-based disclaimer, Woodway amended the above claim language to instead specify that the safety device "substantially prevents rotation of the portion of the safety device, the running belt *and* . . . at least one of the front shaft and the rear shaft." J.A. 736 (emphasis added). In context, this amendment does not, as the district court concluded, "clarify that the running belt does not move in two directions." *Claim*

*Construction Order*, 2023 WL 7713595, at *6. Rather, through this amendment, Woodway called attention to a broader difference between its claimed invention and Bostic: in Bostic, while "[t]he one-way clutch does not affect movement of the treadmill surface" because it only affects rotation of the flywheel, in the claimed invention, the safety device impacts rotation of multiple treadmill elements, including the running belt. J.A. 750–51. Based on this objectively discernable reason for the amendment, we cannot say that "the alleged disavowing action[ ] . . . both clear[ly] and unmistakabl[y]" surrendered a treadmill with a bidirectionally rotating belt. *See Omega Eng'g*, 334 F.3d at 1326.

Similar logic counsels against finding disclaimer grounded in Woodway's arguments on Bostic presented to the examiner. As LifeCORE points out, Woodway distinguished their invention from Bostic in two places: (1) when Woodway stated that "the one-way clutch of Bostic does not provide for rotation in only one direction. . . . [T]he treadmill belt of Bostic is free to move in both directions," J.A. 749, and (2) when Woodway stated separately that "the treadmill belt [of Bostic] is free to move in both directions," J.A. 752. Again, the issue for LifeCORE is that neither statement unmistakably disclaims bidirectional rotation of the running belt. Rather, in the context of Woodway's repeated statements that Bostic's safety device does not affect treadmill belt movement, *see* J.A. 751–52, the first statement can be reasonably interpreted to merely reinforce this distinction between Bostic and the claimed invention, which restricts the treadmill belt such that it is not "free to move" in both directions. And, as Woodway argues, saying that Bostic's belt is "free to move" in both directions says nothing about the amount of limitation the claimed treadmill places on the dispreferred direction of movement—it simply distinguishes a device that impedes movement in one direction from a device that does not. *See* Appellant Br. 37. We therefore find no prosecution history

disclaimer resulting from Woodway's arguments on Bostic. *See Genuine Enabling Tech. LLC v. Nintendo Co.*, 29 F.4th 1365, 1374 (Fed. Cir. 2022) ("If the challenged statements are . . . amenable to multiple reasonable interpretations, prosecution disclaimer is not established.").

b

The district court also found that Woodway disclaimed bidirectional treadmill movement in response to an obviousness rejection based on a combination of prior art including Savettiere. Savettiere discloses a combination elliptical-treadmill apparatus that contains a one-way clutch inside rollers attached to the elliptical pedals and disposed atop the treadmill belt. The examiner's rejection therefore concluded that "[i]t would have been obvious to one of ordinary skill in the art . . . to modify the device taught by Bostic by providing the safety mechanism taught by Savettiere in order to prevent accidental reverse movement of the belt." J.A. 1218.

To distinguish Savettiere, Woodway argued the examiner misunderstood Savettiere's disclosure and that, in Savettiere, "the one-way clutch does not control the direction of rotation of the treadmill belt." J.A. 1141. Instead, per Woodway, the one-way clutch of Savettiere allows the rollers to freely roll relative to the treadmill belt when operated in one direction but in the other direction locks the rollers such that they frictionally engage the treadmill belt and cause the belt to move rearward. Thus, Woodway concluded, the alleged safety device of Savettiere did not "control a rotational movement direction of the treadmill belt as a 'safety device.'" J.A 1142. Woodway also added that Savettiere's one-way clutch "does not teach enabling or allowing only one rotational direction of movement" because "[a]t no point are the rollers . . . used to *restrict* rotation of the treadmill belt . . . to move in only one rotational directional [sic]." J.A. 1142. Based on these arguments, the district court found that Woodway "emphasized that its

patents featured a running belt that moved in one rotational direction only." *Claim Construction Order*, 2023 WL 7713595, at *8.

We are unpersuaded. Once again, the district court failed to consider the full context within which Woodway's statements were made. This context makes clear that Woodway distinguished Savettiere on the basis that it "did not disclose a safety device [restricting treadmill belt movement] at all," but rather a clutch that impacts the movement of rollers disposed atop the treadmill belt, which in turn facilitate intended belt movement. *See* Appellant Br. 38–39. And again, "enabling or allowing only one rotational direction of movement" does not necessarily suggest total prevention of rotation in the dispreferred direction. Even Woodway's use of the phrase "*restrict . . .* to move in only one rotational directional [sic]," is ambiguous because it does not specify whether the restriction of movement in the dispreferred direction is absolute. J.A. 1142. Because we again note "multiple reasonable interpretations" of the prosecution history, we decline to find that Woodway clearly and unmistakably disclaimed a treadmill capable of bidirectional belt movement. *Genuine Enabling Tech.*, 29 F.4th at 1374.

In sum, we conclude that the district court erred in its construction of "substantially prevent[ ]" that relied on prosecution disclaimer to narrow the scope of the claim limitation. The district court should have construed the claim term in line with its plain and ordinary meaning, as identified by Woodway.

B

We next consider Woodway's summary judgment arguments. Woodway first argues that, under the plain and ordinary meaning of "substantially prevent[ ]," there is no dispute that LifeCORE's accused products infringe. Second, Woodway argues that summary judgment must be vacated because the district court's infringement analysis

either relied on a flawed claim construction or resolved factual disputes regarding the amount of force needed to operate the accused products in the dispreferred forward direction. While we take no position here on Woodway's first argument, we partially agree with the second. Because the grant of summary judgment of noninfringement was derived from an erroneous claim construction, we vacate the district court's decision and remand for further proceedings in light of the correct claim construction.

## IV

We have considered the parties' remaining arguments and find them unpersuasive. For the foregoing reasons, we vacate the district court's grant of summary judgment of noninfringement and remand for further proceedings not inconsistent with this opinion.

**VACATED AND REMANDED**

COSTS

Costs to Appellant.